**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VERNON CHARLES,** | ) | |
| **#1196297,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:17-CV-3152-K (BH)** |
| | ) | |
| **NFN PARKER, Warden, et al.,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondents.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

By *Special Order 3-251*, this prisoner case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is the petitioner's *Relief from Judgment*, received on December 21, 2017 (doc. 15).  Based on the relevant filings, evidence and applicable law, the filing should be construed as a motion for relief from judgment and for release on bond and should be **DENIED**.

**I.  FED. R. CIV. P. 59(e)**

Vernon Charles (Petitioner) filed a habeas petition under 28 U.S.C. § 2241 challenging the calculation of his life sentence imposed after he was convicted of murder on September 26, 2003, in Cause No. F02-72310 in the 363rd Judicial District Court of Dallas County, Texas.  (*See* doc. 1.) His habeas petition was construed as arising under 28 U.S.C. § 2254 and transferred to the United States Court of Appeals for the Fifth Circuit as a successive petition on December 14, 2017.  (Docs. 6, 12, 13.)  He now seeks relief from the judgment under Fed. R. Civ. P. 60(b) and release on bond under Fed. R. App. P. 23.

**II.  FED. R. CIV. P. 59(e)**

Because Petitioner's motion challenges the judgment in this case and was filed within 28 days of its entry, it is properly construed as arising under Rule 59(e) of the Federal Rules of Civil

Procedure.  *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").[1]

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly."  *Id.* at 479, 483.  When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner does not allege any reason for altering or amending the judgment.  He does not present any intervening change in law, new evidence, or manifest error of law or fact, or other extraordinary circumstances justifying alteration or amendment of the judgment.  His motion for relief from judgment should therefore be denied.

### III.  RELEASE ON BOND

Petitioner asks that he be released on bond under Fed. R. App. P. Rule 23.  Rule 23 provides

---

[1]  A motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition.  *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303 & n. 10. Because Petitioner's motion does not attack the resolution of his claims on the merits, it does not raise a second or successive claim. *See id.*

that "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety. for release on bond or personal recognizance."  The merits of Petitioner's habeas petition were not decided, and there has been no decision ordering his release.  Rule 23 does not apply, and he is not entitled to release on bond.  His motion for release on bond should be denied.

## IV.  RECOMMENDATION

Petitioner's motion for relief from judgment and for release on bond (doc. 15) should be **DENIED**.

**SIGNED this 22nd day of December, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE